```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF WEST VIRGINIA
                             AT BLUEFIELD
```

AMANDA GAIL STEPHENSON,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:16-11979

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to dismiss for lack of subject matter jurisdiction. ECF No. 21.[1] This court does not have subject matter jurisdiction over plaintiff's claims because each falls within the discretionary function exception to the Federal Tort Claims Act. Therefore, defendant's motion is **GRANTED** and the court **DISMISSES** plaintiff's action with prejudice.

### I.    FACTUAL BACKGROUND

On February 17, 2014, Ms. Stephenson went to the Post Office to mail a package. See Complaint. That day was Presidents' Day, a federal holiday, and all retail windows were closed. See id. At this Post Office, the public is permitted access to post office boxes twenty-four hours a day, every day, including federal holidays. Id.

---

[1] Plaintiff's Motion for Extension of Time to File a Response to Defendant's Motion to Dismiss is also **GRANTED**. See ECF No. 25.

Plaintiff parked her car in the Post Office's parking lot, removed her package from the car, and walked down the sidewalk running parallel to the Post Office. See id. This sidewalk was owned by the Post Office. When she reached the corner of the building, she turned toward the main entrance of the Post Office and fell on ice. See id. Plaintiff claims that snow had been removed from the sidewalk and placed in a pile between the sidewalk and the building. See id. Plaintiff states that water from the melted snow must have run across the sidewalk and frozen as temperatures dropped so that "wide path of ice" crossed the sidewalk. Id. This buildup of ice caused plaintiff to slip and fall onto the concrete sidewalk. Id.

Plaintiff contends that defendant negligently failed to keep the sidewalk "clear and free of ice," and that defendant should have "prevented snow from melting and running across the sidewalk or, in the alternative, to have placed salt or ice melt . . . on the area of the sidewalk . . . so that this plaintiff and members of the public would not be unreasonably exposed to the danger of falling." Id. According to plaintiff, defendant's negligence directly and proximately resulted in her physical and emotional injuries. See id. Plaintiff seeks $6,801.37 in medical expenses, $10,000.00 in lost income, and $20,000.00 in pain and suffering. See id.

Plaintiff has exhausted her administrative remedies pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 et seq., and her complaint was timely filed. Plaintiff filed her administrative claim on January 29, 2016, before the statute of limitations expired. The administrative claim was denied on August 18, 2016. Plaintiff filed her Complaint with this court on December 8, 2016. ECF No. 1.

On July 7, 2017, the United States filed its Motion to Dismiss and accompanying memorandum, ECF Nos. 21-22.[2] The United States contends that the discretionary function exception to the FTCA bars plaintiff's suit because plaintiff does not identify any mandatory directives regarding 1) giving patrons twenty-four hour access to the post office boxes, 2) snow removal, and 3) providing for re-inspection and cleaning. See ECF 22. Therefore, the United States asks the court to dismiss this case for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(1) asks whether a court has the ability to hear and adjudicate the claims brought before it. Federal courts are courts of limited

---

[2] Defendant also requested a stay of discovery proceedings until adjudication of this motion, ECF No. 26, which this court granted. See ECF No. 30.

jurisdiction and can act only in those specific instances authorized by Congress.  Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968).

The plaintiff bears the burden of proving the existence of subject matter jurisdiction.  Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  Further, a party who brings an action against the United States pursuant to the FTCA "bears the burden of pointing to . . . an unequivocal waiver of immunity." Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (quoting Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir. 1983)).

The court notes that its analysis of defendant's motion is not limited to the evidence presented by the parties in their pleadings.  When considering a motion to dismiss under Rule 12(b)(1), "the court may consider the evidence beyond the scope of the pleadings to resolve factual disputes concerning jurisdiction."  Williams, 50 F.3d at 304 (citing 2A James W. Moore, Moore's Federal Practice ¶ 12.07 at 12-49-12-50 (2d ed. 1994)); see also S.R.P. v. United States, 676 F.3d 329, 332 (3d. Cir. 2012) ("Because the Government's motion presented a factual challenge to subject matter jurisdiction, the District Court was not confined to the allegations in [plaintiff's] complaint, and was entitled to independently evaluate the evidence to resolve disputes over jurisdictional facts.")(internal citations

omitted).

## III. APPLICABLE LAW

Fundamentally, federal courts do not have jurisdiction over actions against the United States unless Congress has expressly waived the United States' sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941); Dalehite v. United States, 346 U.S. 15, 30 (1953) ("[N]o action lies against the United States unless the legislature has authorized it."). The FTCA, however, provides a limited waiver of the United States' sovereign immunity in actions arising from personal injuries caused by government employees acting within the scope of their employment. See 28 U.S.C. § 1346(b), § 2671, et seq. Under these circumstances, "the Government will accept liability in the same manner and to the same extent as a private individual would have under like circumstances." Strand v. United States, 233 F. Supp. 3d 446, 455 (D. Md. 2017) (citing Wood v. United States, 845 F.3d 123, 132 (4th Cir. 2017)). Nevertheless, numerous exceptions prohibit complainants from recovery under the FTCA, most prominently the "discretionary function" exception.

As "a form of retained sovereign immunity," In re World Trade Ctr. Disaster Site Litig., 521 F.3d 169, 190 (2d Cir. 2008), the "discretionary function" exception "marks the

boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals'" Berkovitz v. United States, 486 U.S. 531, 536 (1988) (internal quotations and citations omitted). The exception "assure[s] protection for the Government against tort liability for errors in administration or in the exercise of discretionary functions." Dalehite, 346 U.S. at 26–27 (citation omitted).

Under the discretionary function exception, the waiver of sovereign immunity does not apply to:

> Any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). The Supreme Court has established a two-step analysis to ascertain whether the "discretionary function" exception is appropriate in a given case. See United States v. Gaubert, 499 U.S. 315, 322 (1991). First, a court must determine whether the governmental action at issue "involves an element of judgment or choice." Berkovitz, 486 U.S. at 536. If the action is "the subject of any mandatory federal statute, regulation, or policy prescribing a specific course of action," then the governmental actor must adhere to the directive and the

action does not involve an element of choice. Baum v. United States, 986 F.2d 716, 720 (4th Cir. 1993); see also U.S. Aviation Underwriters, Inc. v. United States, 562 F.3d 1297, 1299 (11th Cir. 2009) ("A function is non-discretionary if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow where the employee has no rightful option but to adhere to the directive."). If there is a mandatory directive on point, the plaintiff must show that the governmental actor failed to adhere to this standard. Id. (citing Berkovitz, 486 U.S. at 530).

However, if no mandatory directive exists, the court proceeds to the second prong, where a court must decide whether the challenged action is one "based on public policy considerations." Berkovitz, 486 U.S. at 531. In this analysis, a court focuses on "the nature of the actions taken and on whether they are susceptible to policy analysis," rather than "the agent's subjective intent in exercising the discretion." United States v. Gaubert, 499 U.S. at 324-25; Wood, 845 F.3d at 128 ("This second step . . . prohibit[s] courts from second guessing decisions grounded in social, economic, and political policy through the medium of an action in tort.") (internal quotations and citations omitted). Thus, the absence of a mandatory directive creates a presumption that the discretionary

function applies. Gaubert, 499 U.S. at 323 (construing decisions "based on . . . public policy" broadly to include decisions based on "social, economic, and political policy."). Said another way, "[d]etermining whether the discretionary function exception applies is not a fact-intensive exercise, as the court will only look to the nature of the challenged decision in an objective, or general sense, and ask whether that decision is one which we would expect inherently to be grounded in considerations of policy." Chang–Williams v. Dep't of the Navy, 766 F. Supp. 2d 604, 617 (D. Md. 2011)(citations omitted).

"Plaintiffs bear the burden of proving that the discretionary function exemption does not apply." Indemnity Ins. Co. of North America v. United States, 569 F.3d 175, 180 (4th Cir. 2009). Additionally, the FTCA is strictly construed with ambiguities resolved in favor of the United States. See United States v. Nordic Village, Inc., 503 U.S. 30, 33–34 (1992).

## IV. DISCUSSION

### A. First Prong: Judgment and Choice are Involved

The court must first determine whether "a federal statute, regulation, or policy specifically prescribe[d] a course of action for" the Post Office, "its employee[s]," or agents "to follow." Berkovitz, 486 U.S. at 536. The plaintiff concedes

8

that it is within the Postmaster's discretion whether or not to leave the Post Office open to allow people to access their post office boxes after regular hours.[3] Instead, plaintiff argues that the United States Postal Service's ("USPS") Supervisor's

---

[3] Indeed, the discretion of having around-the-clock lobby hours is explicitly committed to the Post Office. Concerning retail hours, the Postal Operations Manual ("POM") states:

> The availability of retail services and lobby hours should reflect time periods that <u>most appropriately</u> meet the needs of the majority of customers in the local area. Stations and branches are not required to be open at the same scheduled hours as the main office. Stations and branches can adjust retail service hours to meet the needs of the local community. Units in suburban communities and/or large shopping centers may provide late evening service for customer convenience if approved by the district manager and area office.

POM § 126.41 (emphasis added). Moreover, as to lobby hours, the POM states:

> At a minimum, customers must have access to their PO Boxes during all retail service hours of operation. Separate PO Box lobbies should remain open when someone is on duty in the postal unit. <u>At the postmaster's discretion</u>, lobbies may remain open 24 hours a day to allow customer access to PO Boxes and self-service equipment, provided that customer safety and security provisions are deemed adequate by the Inspection service [a security organization that protects Post Offices].

POM § 126.43 (emphasis added).

Safety Handbook EL-801 ("EL-801") mandates the Postmaster's duty to remove snow and ice and provide for re-inspection and cleaning by stating:

> You must establish snow and ice removal plans <u>where necessary</u>. Pay particular attention to areas where customers and other pedestrians may slip and fall, and where vehicle maneuvering can be hazardous. Keep snow and ice away from utility and fire protection.
>
> Provide for re[-]inspection and cleaning <u>as often as necessary</u> to handle drift snow and refreezing. Encourage employees to help provide safe walking and driving surfaces on Postal Service premises by reporting icy and otherwise dangerous spots. Consult your local Postal service environment coordinator for guidance on the purchase and use of ice melting products.

Handbook EL-801, § 8-15.2 (emphases added). The court does not perceive any mandatory directive from EL-801. In stark contrast, the Handbook specifically grants discretion as to snow removal "where necessary" and provides for re-inspection and cleaning "where necessary." Id. It fails to mandate specific hours of operation or snow removal procedures on federal holidays.

Accordingly, the Post Office's decisions concerning the snow removal and re-inspection and cleaning constitute official judgment and choice, "falling within the overarching policies of

10

a regulatory scheme that [gives the Postmaster] discretion in how to implement that policy." Wood, 845 F.3d at 131.

Since "no such mandatory statute, regulation or policy applies to remove the challenged conduct from the choice and judgment of the government, then [this court must] move to the second tier of the Berkovitz-Gaubert analysis." Baum, 986 F.2d at 720.

### B. Second Prong: Social, Economic and Public Policy Considerations

Under the second prong, the court must determine whether the Post Office's choice is premised "on considerations of public policy." Baum, 986 F.2d at 720 (citations and internal quotation marks omitted). The court "presume[s] that the [Post Office's] acts are grounded in policy when exercising that discretion . . . [because] [t]he focus of the inquiry is not on the agent's subjective intent in exercising the discretion conferred by statute or regulation, but on the nature of the actions taken and on whether they are susceptible to policy analysis." Gaubert, 499 U.S. at 324—25 (footnote omitted). In light of Gaubert, this court refuses to decipher the actor's "subjective intent," and instead focuses "on the nature of the actions taken and on whether they are susceptible to policy analysis." Id. at 324—25 (footnote omitted and emphasis added).

11

If there is any conceivable policy basis upon which the choice can be justified, then the court should so justify and proceed to immunize the actor. Id. at 324. Moreover, the court must make every presumption that the Post Office's choice is "grounded in policy when [it is] exercising [its] discretion." Id.

The court can hypothesize a number of rational public policy reasons for the Postmaster's decisions regarding snow removal on holidays, some of which include: convenience to the public, safety of federal property for visitors, budgetary concerns regarding paying snow-removal staff, and paying employees to staff the Post Office on federal holidays or during hours which would otherwise experience minimal postal-patron traffic. Moreover, plaintiff does not even attempt to overcome the presumption that [the Postmaster's] judgment is of the kind that the discretionary function exception was designed to shield." Aviation Underwriters, 562 F.3d at 1299 (quotation marks omitted).

Since the Post Office's choice is founded upon considerations of public policy, Baum, 986 F.2d at 720; Gaubert, 499 U.S. at 324–25, the second-prong is satisfied by the United States.

Consequently, plaintiff's claims are barred under the FTCA's discretionary function exception.

### V. CONCLUSION

For the reasons stated, the court **GRANTS** the defendant's Motion to Dismiss the Complaint **with prejudice.** The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 28th day of November, 2017.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge